UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Parent L.S. on behalf of Student R.S., a minor,<br><br>    Plaintiff,<br><br>    v.<br><br>PANAMA BUENA VISTA UNION<br>SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-00744 LJO JLT<br><br>ORDER GRANTING MOTION TO WITHDRAW<br>AS COUNSEL FOR PLAINTIFF<br><br>(Doc. 5) |

    Before the Court is a motion to withdraw as counsel for Plaintiff. Plaintiff is R.S., a minor.[1] Plaintiff's Counsel, Nicole Hodge Amey ("Counsel") filed the current motion on July 6, 2012. (Doc. 5). This matter came on for hearing before this Court on August 6, 2012 at 9:30 a.m.. There were no appearances.

    Counsel reports that due to health reasons, Plaintiff's threat of malpractice lawsuits, and a legal conflict requiring Counsel to act in the interest of another client, her ability to represent Plaintiff has become unreasonably difficult. (Doc. 5 at 1-2). Counsel therefore seeks to withdraw from the representation of Plaintiff. On June 25, 2012, the Court granted counsel's request to withdraw from the two companion cases, <u>L.S. et al., v. Panama-Buena Vista Union School District, et al.,</u> case number 1:12-cv-00081 LJO JLT and <u>Thompson, et al., v. Panama-Buena Vista Union School District,</u>

---

[1] The Court notes that no motion for appointment of guardian ad litem has been filed. All actions described by Counsel have been taken by L.S. "Parent on behalf of R.S."

1

et al., case number 1:12-cv-00082 LJO JLT.  For the following reasons, the motion to withdraw is **GRANTED**.

### I. Background

Counsel has represented Plaintiff since the filing of the initial complaint on May 4, 2012. (Doc. 1). According to Counsel, on May 30, 2012 Plaintiff emailed her requesting all client records, pursuant to California Rules of Professional Conduct Rule 3 700(D).  (Doc. 5-2 at 1).  Counsel replied to the email to confirm termination but received no response to that effect. (Doc. 5 at 2).  On June 25, 2012, Counsel sent an email to Plaintiff regarding a fee waiver application.  (Doc. 5-2 at 2).  Plaintiff did not respond to the email but sent Counsel a separate email requesting to pick up records.  (Doc. 5 at 1).  On June 26, 2012 Counsel discovered that Plaintiff's conduct has created a legal conflict between Plaintiff and another client of Counsel.  (Doc. 5-2 at 2).  Plaintiff has since then stopped returning phone calls and emails sent by Counsel. (Doc. 5 at 2).  Additionally, Plaintiff has informed Counsel of "her intent to sue [Counsel]" and to complain to the state bar.  (Doc. 5-2 at 2).  Counsel's "Motion to Be Relieved as Counsel" followed.  (Doc. 5).

### II. Analysis

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California and the Local Rules of the United States District Court, Eastern District of California. See LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry out employment effectively." Cal. R.P.C. 3 700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

Id.  Likewise, California's Rules of Court require the notice of motion and declaration to be served on the client and other parties who have appeared in the case.  CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court.  Canandaigua Wine Co., Inc. v. Moldauer, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009) ("The decision to grant

or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal. Id. at *4.

Here, Counsel seeks to withdraw based upon a medical condition, Plaintiff's threat of malpractice lawsuits, a legal conflict requiring Counsel to act in the interest of another client, and a breakdown of communication between herself and Plaintiff. (Doc. 5 at 2). Counsel has served notice of the motion to withdraw upon Plaintiff. (Doc. 5-4). Counsel has stated that Plaintiff has requested all client records from her. (Doc. 5-2 at 1). Counsel has also provided the last known address for Plaintiff, as required by Local Rule 182. (Doc 5-4. at 1). Given the facts set forth above and the fact that the Court has not yet screened the complaint, it does not appear harm would be caused to the administration of justice or that delay to the resolution of the action will be caused by Counsel's withdrawal.

On the other hand, Federal Rule of Civil Procedure 17(c)(2) provides that a minor may sue through a guardian ad litem or by next friend, but a court must formally appoint the guardian ad litem to protect the unrepresented minor. *See* Watson v. County of Santa Clara, 468 F. Supp. 2d 1150, 1155 (N.D. Cal. 2007) (dismissing without prejudice actions brought by plaintiff minors because no guardian ad litem was formally appointed by the court). Here, it does not appear that anyone has sought to be appointed as the guardian ad litem and no one has been appointed. On June 25, 2012, this Court ordered Plaintiff to submit a new and complete application to proceed in forma pauperis within 21 days. (Doc. 4 at 2). The Court's June 25, 2012 order also noted the matter will not proceed unless/until the child is properly appointed a guardian ad litem. (Doc. 4 at fn. 1).

Even assuming that appointment occurs, it is settled that after a court appoints a guardian ad litem or next friend to represent the child, the guardian ad litem must retain a lawyer, because the non-lawyer guardian may not appear as an attorney for anyone other than himself. *See* Johns v. County of San Diego, 114 F. 3d 874, 877 (9th Cir. 1997). In Johns, the Court determined that claims brought on behalf of a child must be dismissed without prejudice if the guardian refuses to hire a lawyer. Id. This is to preserve the child's ability to prosecute his claims himself when he achieves the age of majority.

Id. Though the Court will grant the motion to withdraw, replacement counsel must be obtained immediately.

### III. Conclusion and Order

Counsel has followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing her motion to withdraw from representation of Plaintiff minor R.S., and set forth sufficient reasons for the withdrawal. Thus, the Court is acting within its discretion to grant the motion to withdraw. See LR 182. Accordingly, the Court ORDERS:

1. The motion to withdraw is **GRANTED**; and
2. The Clerk's Office SHALL TERMINATE Nicole Hodge Amey as "Attorney to be Noticed" for Plaintiff minor R.S. in the Court docket and update the docket to reflect Plaintiff's last known contact information as follows:

   L.S. and minor R.S.

   P.O. Box 43298

   Bakersfield, CA 93384
3. Replacement counsel, for Plaintiff minor R.S., if any, **SHALL** enter an appearance in this matter within 21 days;
4. Within 10 days of the appearance of replacement counsel, Plaintiff **SHALL** pay the filing fee of $350 in full or file an amended application to proceed in forma pauperis within the same 21 days;
5. Within 10 days of the appearance of replacement counsel, Plaintiff **SHALL** file a motion for appointment of a guardian ad litem for the minor R.S.;
6. The Clerk IS DIRECTED to serve this order on Plaintiff at the respective address listed above; and

///

///

///

7. **Plaintiff is advised that failure to comply with the Local Rules, Federal Rules, or this or any Court Order, may result in dismissal of the action pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:  **August 6, 2012**                              **/s/ Jennifer L. Thurston**
                                                                                UNITED STATES MAGISTRATE JUDGE