1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

L.S., et al.                                    )   Case No.: 1:12-cv-00744-LJO - JLT
                                                )
12              Plaintiff,                      )   **FINDINGS AND RECOMMENDATIONS TO**
                                                )   **DISMISS THE MATTER FOR FAILING TO**
13        v.                                    )   **COMPLY WITH COURT ORDERS**
                                                )
14   PANAMA-BUENA VISTA UNION                   )
     SCHOOL DISTRICT, et al.,                   )   (Doc.  9).
15                                              )
                                                )
16              Defendants.                     )
                                                )
17   _____

18        On May 4, 2012, Plaintiff R.S., a minor,[1] filed a Complaint for Declaratory Relief in this

19   matter.   (Doc. 1).   For the reasons set forth below, it is recommended that Plaintiffs' action be

20   dismissed.

21        On August 6, 2012, the Court granted Plaintiff's former Counsel, Nicole Hodge Amey's

22   request to withdraw as attorney for Plaintiff R.S.[2]  Plaintiff was served with a copy of the order on the

23   same date.  The Court's August 6, 2012 order required Plaintiff's replacement counsel, if any, to enter

24   an appearance within 21 days of the order.  (Doc. 8).  Additionally, the order required Plaintiff to pay

25

26   _____
     [1] The Court notes that no motion for appointment of guardian ad litem has been filed.  Any actions taken by
     R.S. in this matter have been taken by L.S. ("Parent on behalf of R.S").
27   [2] There are two other cases pending before this Court that are related to Plaintiff's current action: 1:12-cv-0081
     LJO-JLT and 1:12-cv-0082-LJO-JLT.  R.S. is listed as a plaintiff in those cases, along with L.S.  Attorney
28   Amey has been relieved as counsel in all three cases.

                                                    1

the filing fee of $350 in full or file an amended application to proceed in forma pauperis and file a motion for appointment of a guardian ad litem for the minor, R.S., within 10 days of the replacement counsel's appearance.[3]  Plaintiff failed to respond to the Court's August 6, 2012 order.

On August 29, 2012, the Court issued an Order to Show Cause why the matter should not be dismissed for failing to comply with the Court's orders.  (Doc. 9).   The August 29, 2012 order required Plaintiff to show cause within 10 days why the matter should not be dismissed for her failure to file a petition for appointment of a guardian ad litem, for her failure to pay the $350 filing fee or file an amended application to proceed in forma pauperis and to have replacement counsel enter an appearance.  (Doc. 9).  The Order to Show Cause further cautioned Plaintiff that if she did not comply with the Court's order, the Court would recommend her matter be dismissed.

## I.        Legal Standards

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g.,* Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court finds that

---

[3] The Court originally ordered Plaintiff to submit an amended application to proceed in forma pauperis on June 25, 2012.  (Doc. 4).  Although Plaintiff failed to timely comply with that order, the Court allowed Plaintiff additional time to do so in the August 6, 2012 order because Plaintiff's counsel was withdrawing from her case.

the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to follow the Court's orders or failure to prosecute this case. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given Plaintiff's failure to respond to the Court's prior orders, including its order to show cause, no lesser sanction is feasible. (Doc. 8 and 9).

## II.    Recommendation

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed for Plaintiff's failure to follow the Court's orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**September 12, 2012**__          ____**/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE

3